## AMERICAN METALLIC CUSHION CO. v. GARDINER.

(Circuit Court, D. Massachusetts. March 13, 1901.)

### No. 1,192.

PATENTS—INFRINGEMENT—METALLIC PILLOWS.

Vogler patents, No. 11,514, No. 11,508, and No. 562,940, relating generally to metallic pillows or cushions, composed of spring wires, taking the place of feathers, hair, or other soft materials, cover a new and useful invention, which has not been anticipated, and are infringed by a couch in substantial imitation thereof; the differences that exist relating merely to details of construction.

In Equity.

Charles F. Perkins, for complainant.

Edward O. Cooke, for defendant.

COLT, Circuit Judge. The subject-matter of this suit is three letters patents issued to the complainant, assignee to the inventor, William Vogler: No. 11,514, reissued November 19, 1895; No. 11,508, reissued October 15, 1895; and No. 562,940, granted June 30, 1896. Reissue No. 11,508 is for an improvement on the device covered by reissue No. 11,514. Its earlier date arises from the fact that the applications for both patents were pending in the patent office at the same time. The Vogler patents relate generally to a metallic pillow or cushion composed of spring wires, which take the place of feathers, hair, or other soft material commonly used. Reissue No. 11,514 covers broadly the invention. This patent describes a metallic cushion composed of a series of spring wires assembled closely together and located in a vertical plane. Each wire is bent between its ends, and forms a coil. The upper arms of the spring wires form the top of the cushion, and the lower arms support the cushion. The coils in the bends give a resilient effect to the upper arms. The frame consists of a wire extending through the coils for the purpose of supporting the wires in position and to secure them together. The frame is capable of yielding by one portion sliding upon the other, so that the structure as a whole is self-sustaining, yields to pressure applied, and then resumes its normal shape when the pressure is removed. The third claim states the invention as follows:

"In a pillow or cushion, a series of spring wires bent between the ends thereof, and an expansible frame to which said spring wires are directly con-

nected, located in said bends, and adapted to expand to the movement of said wires upon the compression thereof under the action of weight upon said pillow or cushion."

Reissue No. 11,508 is for an improvement on this device. It consists of a seat or cushion composed essentially of a series of wire springs bent between the ends thereof, the upper free ends of the wires being attached to a flexible support, and the lower ends attached to a fixed support; and, further, of an elastic or flexible support located in the bends of the spring wires, and forming a flexible end for the cushion of the seat. The third Vogler patent, No. 562,-940, is for a further improvement, the principal feature of which is a set of auxiliary springs used to assist the main springs in raising the depressed portion of the cushion when the weight is removed therefrom. The metallic cushion described in the Vogler patents seems to be new and useful. There is nothing in the prior art, as disclosed in the present record, which shows an anticipation, or which limits the scope of the patents to the precise form of the device described. They are entitled to a fairly broad construction. The defendant's couch is a substantial imitation of the Vogler structure in all its essential features. Such differences as exist relate to details of construction or to the employment of well-known equivalents. In my opinion, the defendant's device infringes some of the claims of each of the three Vogler patents,—the 3d, 4th, and 5th claims of patent No. 11,514; the 6th, 7th, 8th, 9th, 12th, 13th, and 14th claims of patent No. 11,508; and the 9th, 27th, 28th, and 46th claims of patent No. 562,940,—and a decree may be drawn accordingly. Decree for complainant.